CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

4/12/21
JULIA C. DUDLEY, CLERK
BY: s/ ELLA SURBER
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisburg Division

| | |
|---|---|
| CHARLIE STACY and CLIFFORD ALLEN, individually and on behalf of all others similarly situated<br><br>*Plaintiffs,*<br><br>v.<br><br>JENNMAR CORPORATION OF VIRGINIA, INC., JENNMAR CORPORATION OF EAST VIRGINIA, INC., JENNMAR CONSTRUCTION TOOLS, LLC, and DOES 1 through 20, inclusive<br><br>*Defendants.* | Case No.:  1:21CV15 |

**CLASS & COLLECTIVE ACTION COMPLAINT**

Charlie Stacy and Clifford Allen ("Plaintiffs"), individually and on behalf of others similarly situated, by and through their undersigned counsel of record, hereby allege as follows:

**NATURE OF ACTION AND INTRODUCTORY STATEMENT**

1. Plaintiffs bring this putative class and collective action against defendants Jennmar Corporation of Virginia, Inc., Jennmar Corporation of East Virginia, Inc., Jennmar Construction Tools, LLC; and DOES 1 through 20, inclusive (collectively, "Defendants"), on behalf of themselves, individually, and a putative class of non-exempt employees employed by Defendants throughout Virginia.

2. Defendants manufacture construction products, within multiple Virginia facilities, for use throughout Western Virginia and across the United States.

3. Through this action, Plaintiffs allege that Defendants have engaged in a systematic pattern of wage and hour violations under the Virginia Wage Payment Act, Virginia Code § 40.1-29, et seq. ("VWPA"), 29 U.S.C. §§ 201, *et. seq.,* the Fair Labor Standards Act (hereinafter "FLSA"), and/or as otherwise contractually and/or equitably.

4. Plaintiffs are informed, believe, and allege, that Defendants have increased their profits by violating state and federal wage and hour laws by, among other things:

   (a) Failing to pay all wages (including minimum wages and overtime wages);

   (b) Failing to provide accurate itemized wage statements; and

   (c) Failing to pay all wages due upon separation of employment.

5. Plaintiffs bring this lawsuit seeking monetary relief against Defendants on behalf of themselves and all others similarly situated in Virginia to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs, expenses and penalties pursuant to Virginia Code §§ 40.1-28.10, 40.1-29 *et seq.*, and 29 U.S.C. §§ 201, *et. seq*.

## JURISDICTION AND VENUE

6. Plaintiffs bring this class and collective action against Defendants for violations of Virginia Code §§ 40.1-28.10, 40.1-29 *et seq.*, and 29 U.S.C. §§ 201, *et. seq*.

7. This Court has original subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8. This Court properly confers supplemental jurisdiction over alleged common and interrelated state law and equity claims seeking recovery of unpaid wages and damages.

9. This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of the United States, have sufficient minimum contacts in Virginia or otherwise intentionally avail themselves of the Virginia market so as to render the exercise of

jurisdiction over them by the Federal and Virginia courts consistent with traditional notions of fair play and substantial justice.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

11. Plaintiff, Charlie Stacy, is a resident of West Virginia, and Plaintiff, Clifford Allen, is a resident of Virginia. Both Plaintiffs worked for Defendants in Virginia during the relevant time period.

12. Plaintiffs are informed, believe, and allege, that Defendants, at all times hereinafter mentioned, were and are employers as defined in and subject to the FLSA and Virginia Code §§ 40.1-29, whose employees were and are engaged throughout this district and the Commonwealth of Virginia.

13. Defendants are an enterprise engaged in commerce under the FLSA because material hereto it had an annual gross volume of sales more than $500,000.00.

14. At all times relevant, Defendants were named Plaintiffs' employer and the employer of all other similarly situated individuals as defined by the FLSA and applicable state law.

15. During the period of October 2018 through March 29, 2021, Charlie Stacy was employed by Defendants as a Production Worker and, later as a Crane Operator. In this capacity, Plaintiff Mr. Stacy performed substantial and ongoing employment duties for the benefit of Defendants in the Commonwealth of Virginia. Plaintiff, Mr. Stacy is no longer employed by Defendants.

16. During the period of October 2018 to November 2020, Clifford Allen was employed by Defendants in the position of Production Worker. In this capacity, Mr. Allen

performed substantial and ongoing employment duties for the benefit of Defendants in the Commonwealth of Virginia. Plaintiff, Mr. Allen is no longer employed by Defendants.

17. Plaintiffs are unaware of the true names or capacities of the Defendants sued herein, under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named Defendants once their names and capacities become known.

18. Plaintiffs are informed, believe, and allege, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiffs and the class members.

19. Plaintiffs are informed, believe, and allege, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

20. At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

21. Plaintiffs are informed, believe, and allege, that each of said Defendants is in some manner intentionally, negligently or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

22. By acting as the named Plaintiffs in this action, each named plaintiff, by including his name on the caption of this Class and Collective Action Complaint, affirms his written consent to participate as a plaintiff in a collective action to seek unpaid wages and damages under the FLSA and to act as class representatives for the Federal Rule 23 class claims alleged herein.

## FLSA COLLECTIVE ACTION ALLEGATIONS

23. Plaintiffs bring their Count for violations of the FLSA, as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated employees.

24. Similarly situated employees, for purposes of the FLSA collective action claims, include individuals who work or have worked for Defendants as non-exempt employees subject to Defendants' improper rounding policy and pay practice performing compensable work duties for Defendants' benefit in Virginia at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b), who were (i) paid by Defendants on an hourly basis; (ii) were not paid by Defendants at the time-and-one-half rate owed for all overtime worked over forty (40) hours per week as required by the FLSA time-and-one-half overtime compensation mandate; and (iii) were not paid at their regular rate of pay, or at the federal minimum wage, for all hours worked up to forty (40) hours in a workweek.

25. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of the Plaintiffs and the Class Plaintiffs.

26. Plaintiffs each request that they be permitted to serve as representative of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

## VWPA/BREACH OF CONTRACT/QUANTUM MERUIT
## CLASS ACTION ALLEGATIONS

27. Plaintiffs bring their state law counts for violations of the VWPA and for breach of contract as a class action (in sub-classes for each relevant statute) pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and all similarly situated employees, for relief to redress and remedy Defendants' violations of VWPA and failure to pay all wages due and owing pursuant to Defendants' written employment contract and/or compensation plan and/or Defendants' failure to pay full reasonable consideration for all compensable work duties performed for Defendants' benefit.

28. Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of the Named Plaintiffs and the Class Plaintiffs.

29. Plaintiffs' proposed Class consists of and is defined as follows:

Class

> All current and former non-exempt employees employed by Defendants, in the Commonwealth of Virginia, within three (3) years prior to the filing of this action to the present.

30. Plaintiffs also seek to certify the following Subclass of employees:

The VWPA Subclass

> 31. All individuals who work or have worked for Defendants' as non-exempt hourly employees performing compensable duties for Defendants' benefit, in Virginia, at any time within the three (3) year period prior to the filing of this lawsuit who were: (i) paid on an hourly basis and; (ii) were not paid all wages due and owing for work duties performed in the Commonwealth of Virginia as a result of Defendants' class-wide payroll practice of shaving shift minutes and/or hours

6

worked; (iii) who were subject to Defendants' payroll policies and practices denying payment of wages for all hours worked and/or payment of overtime wages at the time-and-one-half rate for overtime worked over forty (40) hours per week; and/or (vi) who were not paid all wages due and owing upon separation of employment.

Breach of Contract Subclass:

32. All individuals who work or have worked for Defendants as non-exempt hourly employees performing compensable work duties for Defendants' benefit, in Virginia, at any time within the five (5) year period prior to the filing of this lawsuit who were: (i) paid on an hourly basis and; (ii) were not paid all wages contractually due and owing for work duties performed as a result of Defendants' class-wide payroll practice of shaving shift minutes and/or hours worked; (iii) were subject to Defendants' payroll policies and practices denying payment of wages for all hours worked each week; and/or (vi) who were not paid all wages due and owing upon separation of employment.

Quantum Meruit Subclass:

33. All individuals who work or have worked for Defendants as non-exempt hourly employees performing compensable work duties for Defendants' benefit, in Virginia, at any time within the five (5) year period prior to the filing of this lawsuit who were: (i) paid on an hourly basis and; (ii) were not paid all wages reasonably due and owing for compensable work duties performed for the benefit of Defendants as a result of Defendants' class-wide payroll practice of shaving shift minutes and/or hours worked; (iii) who were subject to Defendants' payroll

policies and practices denying payment of wages for all hours worked for Defendants' benefit each week; and/or (vi) who were not paid all wages due and owing upon separation of employment..

34. Plaintiffs reserve the right to establish other or additional Subclasses, or modify any Class or Subclass definition, as appropriate.

35. Members of the Class and Subclass described above will be collectively referred to as "class members."  Plaintiffs reserve the right to re-define the above Class and Subclass and add additional Subclasses as appropriate based on investigation, discovery and specific theories of liability.

36. There are common questions of law and fact as to the Class and Subclass that predominate over any questions affecting only individual members including, but not limited to:

    (a) Whether Defendants failed to pay Plaintiffs and class members when they worked for unpaid time— meaning, Plaintiffs and class members worked outside of their scheduled hours-- resulting in a failure to pay all wages (including minimum wages and overtime wages) for all hours worked by Plaintiffs and class members due to an unlawful rounding policy and clock-in/clock-out practices of Defendants;

    (b) Whether Defendants required Plaintiffs and class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay them overtime compensation at the proper rate;

    (e) Whether Defendants failed to provide accurate itemized wage statements to Plaintiffs and class members;

   (f) Whether Defendants failed to timely pay all wages due to Plaintiffs, Class members and Subclass members upon separation of employment;

   (g) Whether Defendants' conduct was willful or reckless; and

37. There is a well-defined community of interest in this litigation and the proposed Class and Subclass are readily ascertainable:

   (a) <u>Numerosity</u>: The members of the Class and Subclass are so numerous that joinder of all members is impractical. Although the members of the entire Class and Subclass are unknown to Plaintiffs at this time, on information and belief, the class is estimated to be greater than one hundred (100) individuals. The identities of the Class and Subclass are readily ascertainable by inspection of Defendants' employment and payroll records.

   (b) <u>Typicality</u>: The claims (or defenses, if any) of Plaintiffs are typical of the claims (or defenses, if any) of the class because Defendants' failure to comply with the provisions of the Virginia and Federal wage and hour laws entitled each class member to similar pay, benefits and other relief. The injuries sustained by Plaintiffs are also typical of the injuries sustained by the Class and Subclass, because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

   (c) <u>Adequacy</u>: Plaintiffs will fairly and adequately represent and protect the interests of all members of the Class and Subclass because it is in his best interests to prosecute the claims alleged herein to obtain full compensation and penalties due them and the Class and Subclass. Plaintiffs' attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and versed in the rules governing class action discovery, certification and settlement. Plaintiffs have incurred, and throughout the duration of

this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) <u>Superiority</u>: The nature of this action makes use of class action adjudication superior to other methods. A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire Class and Subclass. If appropriate this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

38. <u>Public Policy Considerations</u>: Employers in the Commonwealth of Virginia violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

**FIRST CAUSE OF ACTION**

**<u>FAILURE TO PAY MINIMUM WAGES</u>**

(Violation of Virginia Code §§ 40.1-28.8, *et. seq.*, 40.1-29(c), and 29 U.S.C. § 206)

39. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

40. Virginia Code § 40.1-28.8, *et. seq.*, provides that, prior to May 1, 2021, every employer shall pay to each of its employees' wages at a rate not less than the federal minimum wage and the payment of a lesser wage than the minimum so fixed is unlawful.

41. During the relevant time period, Defendants paid Plaintiffs and class members less than minimum wages when they did not pay Plaintiffs and class members for all hours worked. For example, many times when Plaintiffs and class members worked hours outside of their regular shifts, e.g., clocking in early or clocking out late, Defendants did not pay them *at all* for the time they spent working. To the extent these hours do not qualify for the payment of overtime, Plaintiffs and class members were not being paid at least minimum wages for their work.

42. During the relevant time period, Defendants regularly failed to pay at least minimum wages to Plaintiffs and class members for all hours worked pursuant to Virginia Code § 40.1-28.10 and 29 U.S.C. § 206.

43. Defendants' failure to pay Plaintiffs and class members the required minimum wages violate Virginia Code § 40.1-28.10 and 29 U.S.C. § 206. Pursuant Virginia Code § 40.1-29 and 29 U.S. Code § 216, Plaintiffs and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs and attorneys' fees.

44. Pursuant to Virginia Code § 40.1-29 and 29 U.S. Code § 216, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

45. Pursuant to Virginia Code § 40.1-28.11, whoever knowingly and intentionally violates any provisions of this article shall be punished by a fine of not less than $10 nor more than $200.

## SECOND CAUSE OF ACTION

## **FAILURE TO PAY OVERTIME**

(Violation of Virginia Code § 40.1-29, et seq., and 29 U.S.C. § 207)

46. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

47. Virginia Code § 40.1-29, *et seq.*, and 29 U.S.C. § 207 provide that it is unlawful to employ persons for over forty (40) hours in a workweek without compensating them at a rate of pay of one and one-half times the person's regular rate of pay.

48. Pursuant to Virginia Code § 40.1-29, *et seq.*, and 29 U.S.C. § 207, during the relevant time period, Defendants were required to compensate Plaintiffs and class members for all overtime hours worked, calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of forty (40) hours per week.

49. Plaintiffs and class members were non-exempt employees entitled to the protections of the VWPA and FLSA.

50. During the relevant time period, Defendants failed to pay Plaintiffs and class members overtime wages for all overtime hours worked.

51. In violation of the VWPA and FLSA, Defendants have knowingly and willfully refused to perform their obligations and compensate Plaintiffs and class members for all wages earned and all hours worked, including work performed off the clock as alleged above.

52. Defendants' failure to pay Plaintiffs and class members the unpaid balance of overtime compensation, as required by Virginia and Federal law, violates the provisions of the VWPA and FLSA, and is therefore unlawful.

53. Pursuant to VWPA and FLSA, Plaintiffs and class members are entitled to recover their unpaid overtime a compensation as well as interest, costs and attorneys' fees.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

(Violation of Virginia Code § 40.1-29)

54. Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

55. Virginia Code § 40.1-29(c) requires Defendants to provide each employee with an accurate wage statement, in writing, by a paystub or online accounting, that shows the name and address of the employer; the number of hours worked during the pay period if the employee is paid on the basis of (i) the number of hours worked or (ii) a salary that is less than the standard salary level adopted by regulation of the U.S. Department of Labor pursuant to § 13(a)(1) of the federal Fair Labor Standards Act, 29 U.S.C. § 213(a)(1), as amended, establishing an exemption from the Act's overtime premium pay requirements; the rate of pay; the gross wages earned by the employee during the pay period; and the amount and purpose of any deductions therefrom. The paystub or online accounting shall include sufficient information to enable the employee to determine how the gross and net pay were calculated.

56. During the relevant time period, Defendants have knowingly and intentionally failed to comply with Virginia Code § 40.1-29(c) on wage statements that were provided to Plaintiffs and class members. The deficiencies include, among other things, the failure to correctly state the gross and net wages earned, total hours worked and all applicable hourly rates in effect and the number of hours worked at each hourly rate by Plaintiffs and class members.

57. As a result of Defendants' knowing and intentional failure to comply with Virginia Code § 40.1-29(c), Plaintiffs and class members have suffered injury and damage to their statutorily-protected rights. Specifically, Plaintiffs and class members are deemed to suffer an injury pursuant to Virginia Code §§ 40.1-29(e) and 40.1-29(k) where, as here, Defendants intentionally violated Virginia Code 40.1-29(c). Plaintiffs and class members were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under Virginia Code 40.1-29(c). In addition, because Defendants failed to provide the accurate rates of pay on wage statements, Defendants have prevented Plaintiffs and class members from determining if all hours worked were paid at the appropriate rate and the extent of the underpayment. Plaintiffs have had to file this lawsuit in order to analyze the extent of the underpayment, thereby causing Plaintiffs to incur expenses and lost time. Plaintiffs would not have had to engage in these efforts and incur these costs had Defendants provided the accurate hours worked, wages earned, and rates of pay. This has also delayed Plaintiffs' ability to demand and recover the underpayment of wages from Defendants.

58. Pursuant to Virginia Code 40.1-29(j), in addition to any civil or criminal penalty provided by this section, and without regard to any exhaustion of alternative administrative remedies provided for in this section, if an employer fails to pay wages to an employee in accordance with this section, the employee may bring an action, individually, jointly, with other aggrieved employees, or on behalf of similarly situated employees as a collective action consistent with the collective action procedures of the Fair Labor Standards Act, 29 U.S.C. § 216(b), against the employer in a court of competent jurisdiction to recover payment of the wages, and the court shall award the wages owed, an additional equal amount as liquidated damages, plus prejudgment interest thereon as provided in subsection G, and reasonable attorney

fees and costs. If the court finds that the employer knowingly failed to pay wages to an employee in accordance with this section, the court shall award the employee an amount equal to triple the amount of wages due and reasonable attorney fees and costs.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT

(Violation of Virginia Code 40.1-29(a) and 29 U.S.C. § 206)

59. Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

60. Virginia Code 40.1-29(a) provides that, upon termination of employment, an employee shall be paid all wages or salaries due him for work performed prior thereto; such payment shall be made on or before the date on which he would have been paid for such work had his employment not been terminated.

61. During the relevant time period, Defendants willfully failed to pay all former non-exempt hourly employees all their earned wages upon termination including, but not limited to, proper minimum wages and overtime compensation, either on or before the date on which he would have been paid for such work had his employment not been terminated.

62. Defendants' failure to pay former non-exempt hourly employees all their earned wages on or before the date on which he would have been paid for such work had his employment not been terminated violates Virginia Code 40.1-29(a).

63. Virginia Code 40.1-29 provides that if an employer willfully fails to pay wages owed upon discharge or resignation in accordance with Virginia Code 40.1-29, if an employer fails to pay wages to an employee in accordance with this section, the employee may bring an action, individually, jointly, with other aggrieved employees, or on behalf of similarly situated

employees as a collective action consistent with the collective action procedures of the Fair Labor Standards Act, 29 U.S.C. § 216(b), against the employer in a court of competent jurisdiction to recover payment of the wages, and the court shall award the wages owed, an additional equal amount as liquidated damages, plus prejudgment interest thereon as provided in subsection G, and reasonable attorney fees and costs. If the court finds that the employer knowingly failed to pay wages to an employee in accordance with this section, the court shall award the employee an amount equal to triple the amount of wages due and reasonable attorney fees and costs.

## FIFTH CAUSE OF ACTION

## BREACH OF CONTRACT

64. Plaintiffs incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

65. Pursuant to the written employment contracts and/or compensation plans entered into between Defendants and each of Plaintiffs and each of the Class Plaintiffs, Defendants were contractually obligated to pay Plaintiffs and each of the Class Plaintiffs all wages due and owing for all compensable work duties performed each week.

66. As set forth above, Defendants failed to pay Plaintiffs and the Class Plaintiffs full and timely payment of all wages due and owing for all compensable work duties performed by Plaintiffs and the Class Plaintiffs as was Plaintiffs and the Class Plaintiffs' contractual right and Defendants' contractual duty.

67. Plaintiffs and the Class Plaintiffs have each suffered lost compensation and damages because of Defendants' failure to pay Plaintiffs and the Class Plaintiffs all wages and

compensation contractually due and owing for worked duties performed by Plaintiffs and the Class Plaintiffs.

68. Plaintiffs and the Class Plaintiffs seek to recover from Defendants the unpaid wages contractually due and owing for compensable work duties performed for Defendants' benefit and all other legal, contractual, and/or equitable relief as the Court deems just and proper.

## SIXTH CAUSE OF ACTION

## QUANTUM MERUIT

69. Plaintiffs incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

70. If it is determined the Plaintiffs and/or the Class Plaintiffs did not have a binding or valid contract with Defendants regarding the payment of wages due to Plaintiffs and the Class Plaintiffs, each Plaintiff and each of the Class Plaintiffs, performed compensable work duties for which Defendants was reasonably and equitably obligated to Plaintiffs and each of the Class Plaintiffs all wages due and owing for all compensable work duties performed each week.

71. As set forth above, Defendants failed to pay Plaintiffs and the Class Plaintiffs full and timely payment of all wages due and owing for all compensable work duties performed by Plaintiffs and the Class Plaintiffs that was reasonably and equitably due and owing to Plaintiffs and the Class Plaintiffs for compensable work duties performed for Defendants' benefit.

72. Plaintiffs and the Class Plaintiffs have each suffered lost compensation and damages because of Defendants' failure to pay Plaintiffs and the Class Plaintiffs all wages and compensation reasonably and equitably due and owing for worked duties performed for Defendants' benefit.

73. Plaintiffs and the Class Plaintiffs seek to recover from Defendants the unpaid wages reasonably and equitably due and owing for compensable work duties performed for Defendants' benefit and all other legal, contractual, and/or equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

Plaintiffs, on their own behalf and on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

1. For certification of this action as a collective action under the FLSA, including certifying the Class and Subclass alleged by Plaintiffs;

2. For appointment of Charlie Stacy and Clifford Allen, as the class representatives;

3. For appointment of Gregg C. Greenberg, of Zipin, Amster, and Greenberg, LLC, as lead class counsel for all purposes;

4. For appointment of Francisco E. Mundaca, of The Spiggle Law Firm, PLLC, as co-counsel for all purposes;

5. For certification of this action as a class action under the VWPA, Breach of Contract, and Quantum Meruit sub-classes, and designate Charlie Stacy and Clifford as the representatives on behalf of all those similarly situated under the VWPA, Breach of Contract, and Quantum Meruit sub-classes;

6. Award Plaintiffs and all those similarly situated Class Plaintiffs actual damages in the amount of all wages found due to Plaintiffs and those similarly situated Class Plaintiffs and an award of liquidated damages as provided by the FLSA and the VWPA, inclusive of treble damages if the Court deems so appropriate;

7. Award Plaintiffs and all those similarly situated Class Plaintiffs pre- and post-judgment interest at the statutory rate;

8. Award Named Plaintiffs and all those similarly situated Class Plaintiffs attorneys' fees, costs, and disbursements calculated at *Vienna Metro* Index Rates; and

9. Award Named Plaintiffs and all those similarly situated Class Plaintiffs further legal and/or equitable relief as this Court deems necessary, just and proper.

## REQUEST FOR JURY TRIAL

Plaintiffs request a jury trial of all issues so triable.

Respectfully Submitted,

/s/ *Gregg Greenberg*
Gregg C. Greenberg
Virginia State Bar No. 79610
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone:   (301) 587-9373
Facsimile:    (240) 839-9142
E-Mail: ggreenberg@zagfirm.com


/s/ *Francisco Mundaca*
Francisco Mundaca
Virginia State Bar No. 96073
THE SPIGGLE LAW FIRM, PLLC
4830A 31st St., S., Suite A
Arlington, Virginia 22206
Telephone:   (202) 449-8527
Facsimile:    (202) 517-9179
E-Mail: fmundaca@spigglelaw.com

*Counsel for Plaintiffs, Charlie Stacy,
Clifford Allen, and all others similarly situated*