IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| CHARLIE STACY and CLIFFORD ALLEN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JENNMAR CORPORATION OF VIRGINIA, INC., ET AL., <br><br> Defendants. | Case No. 1:21CV00015 <br><br> **OPINION AND ORDER** <br><br> JUDGE JAMES P. JONES |

*Gregg Greenberg*, ZIPIN, AMSTER & GREENBERG, LLC, Silver Spring, Maryland, and *Francisco Mundaca*, THE SPIGGLE LAW FIRM, PLLC, Arlington, Virginia, for Plaintiffs and Proposed Class; *K. Maxwell Bernas*, FORDHARRISON LLP, Washington, D.C., and *Benjamin P. Fryer*, FORDHARRISON LLP, Charlotte, North Carolina, for Defendants.

Plaintiffs Charlie Stacy and Clifford Allen filed this class and collective action on behalf of themselves and all individuals similarly situated, alleging that the defendants violated the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219, and state law, Va. Code Ann. §§ 40.1-28.10, 40.1-29–29.2, by not paying overtime or minimum wage to its workers and failing to provide accurate itemized wage statements. Before the court is the plaintiffs' motion for conditional certification with notice to potential plaintiffs under § 216(b) of the FLSA. The parties have fully briefed the issue and it is ripe for determination. I find that the plaintiffs have

satisfied their evidentiary burden at this stage of the proceedings. Accordingly, I will grant the plaintiffs' Motion for Conditional Class Certification and instruct that notice be sent to putative opt-in plaintiffs.

I.

Defendants manufacture and assemble products for use in agricultural, construction, energy, and mining industries throughout western Virginia and the United States. Named plaintiffs Charlie Stacy and Clifford Allen are former production and crane workers at the Cedar Bluff, Virginia facility. In general, the plaintiffs are responsible for monitoring and operating workstations along the production lines at the defendants' plants and facilities. On April 12, 2021, the plaintiffs filed their Complaint, alleging that hourly, non-exempt workers at three of the defendants' plants and facilities, located in Cedar Bluff, Bristol, and Rich Creek, Virginia ("Virginia Facilities"), routinely worked more than 40 hours per week and that defendants failed to pay them all wages and overtime wages in violation of state and federal law.

Specifically, the plaintiffs allege that they were uncompensated for pre-shift activities. They contend that employees were required to start performing essential job duties approximately 20 minutes before their scheduled shift start time, including "completing paperwork, including 'safety sheets' and checklists; putting on personal protective equipment 'PPE', including safety glasses, gloves, and cut-resistant

Kevlar sleeves; checking the machines, preparing tools, setting up the machines, and ensuring [the] work area was clean." Mem. Supp. Mot. Certify Ex. A, Stacy Decl. ¶ 6–7, ECF No. 28-1; *Id.* at Ex. B, Allen Decl. ¶ 5–6, ECF No. 28-2. However, they were told by their supervisors not to clock-in "earlier than seven (7) minutes" before their scheduled shift time, or they were would be disciplined. *Id.* ¶ 7. Defendants use a common practice of rounding time to the nearest 15-minute increment to calculate wages, with employees' time rounded up to 15 minutes when clocking-in eight minutes or more before a shift but rounded down to zero minutes if clocking-in seven minutes or less before a shift. Therefore, when they clocked in seven minutes or less before their scheduled start time, workers were not compensated for pre-shift work.

On July 28, 2021, the plaintiffs filed this motion to conditionally certify a collective action of all individuals similarly situated pursuant to Section 216(b) of the FLSA and requested court-authorized notice be issued to all putative opt-in plaintiffs. The defendants argue that the plaintiffs' motion should be denied in its entirety, and even if the collective action is conditionally certified, that the proposed method of notice should be modified.

## II.

The FLSA provides that an action to recover for a violation of the FLSA "may be maintained against any employer . . . by any one or more employees for and in

behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). To bring a collective action, the FLSA requires that the plaintiffs be similarly situated and that they affirmatively opt in to the class by giving their consent in writing filed with the court. *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 758 (4th Cir. 2011).

District courts in this circuit generally follow a two-stage procedure for certification of collective actions. *See, e.g., Mendoza v. Baird Drywall & Acoustic, Inc.*, No. 7:19-CV-882, 2021 WL 2435873, at *3 (W.D. Va. June 15, 2021). In stage one, the court must decide whether to conditionally certify the class based upon a limited record. *Id.* The standard is therefore "fairly lenient" and requires "only minimal evidence, such as factual evidence by affidavits or other means."[1] *Spencer v. Macado's, Inc.*, No. 6:18-CV-00005, 2019 WL 4739691, at *2 (W.D. Va. Sept. 27, 2019). At this stage, the merits of the claims are not relevant, and the court is not resolving factual disputes or making credibility determinations. *Id.* The court usually proceeds to stage two if, after discovery, the defendant files a motion for decertification, at which point the court applies a heightened, fact-specific standard to the similarly situated analysis. *Id.*

---

[1] Internal quotation marks, citations, and alterations are omitted throughout this Opinion and Order unless otherwise specified.

Although the FLSA does not define "similarly situated," and the Fourth Circuit has not yet interpreted its meaning, other district courts in the Fourth Circuit have held that plaintiffs are similarly situated under § 216(b) if they "raise a similar legal issue as to coverage, exemption, or nonpayment of minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions." *Romero v. Mountaire Farms, Inc.*, 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011). However, the "similarly situated" requirement does not mean that "there can be no differences among class members or that an individualized inquiry may not be necessary in connection with fashioning the specific relief or damages to be awarded to each class member." *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-CV-00363, 2012 WL 4739534, at *11 (E.D. Va. Oct. 2, 2012). Rather, the touchstone of the analysis is whether the plaintiffs can show a common theory, or factual nexus, connecting them with other opt-in plaintiffs as victims of the defendants' unlawful conduct. *Id.*

### III.

In this case, the plaintiffs seek conditional certification of a class of "[a]ll individuals who were, are, or will be employed by Defendants in Virginia as non-exempt employees," that within three years prior to the filing of this action and until the date of final disposition, "were not compensated for all their hours worked,

including, but not limited to, above forty (40) per week." Mem. Supp. Mot. Certify 1, ECF No. 28.

Based on the Complaint and two declarations of the named plaintiffs, the plaintiffs allege that the defendants, as a matter of either company-wide policy or widespread practice, required employees at three Virginia Facilities to perform work outside of scheduled shift times; to clock-in no sooner than seven minutes before their scheduled shift in order to round down their hours under the defendants' time rounding policy; and did not pay their employees for all hours worked or for hours worked in excess of 40 each week at the overtime rate of one and one-half times their regular rate of pay. They contend that most, if not all, other employees were required to "perform unpaid pre-shift work," based on "personally speaking with, observing, and working alongside other employees," Stacy Decl. ¶ 13, ECF No. 28-1, and that all the employees at each of the Virginia Facilities were subject to the same timekeeping and shift scheduling policy, regardless of job title or rank.

Based on the evidence presented, I find that the plaintiffs have satisfied their evidentiary burden under the "similarly situated" analysis at this conditional certification stage. The plaintiffs have made a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law," and that there is "some factual nexus connecting

them to other potential plaintiffs as victims of an unlawful policy." *Spencer*, 2019 WL 4739691, at *3.

The defendants raise several unavailing arguments in opposition to conditional certification.  First, they argue that the plaintiffs failed to establish that they were employed by all named defendants.  However, consideration of any joint liability issues is premature.  *Mendoza*, 2021 WL 2435873, at *4.  All that plaintiffs must show at this stage is that the putative opt-in plaintiffs are similarly situated "with respect to their allegations that the law has been violated," not "whether the plaintiffs are similarly situated *as to each defendant*."  *Presson v. Recovery Connections Cmty.*, No. 5:18-CV-466-BO, 2019 WL 3047114, at *3 (E.D.N.C. July 11, 2019).

Second, the defendants argue that the plaintiffs' claims are all highly individualized in nature and that they failed to show that they were victims of a common policy or plan.  They emphasize that the FLSA permits employers to use a neutral time rounding policy, like the one they have implemented, and there is no evidence showing that the pre-shift requirement was more than the decision of an individual supervisor, or that the practice was widespread across all their facilities.

But that is not entirely accurate, and at this stage, the plaintiffs need only make a modest factual showing.  *See Dearman v. Collegiate Housing Servs., Inc.*, No. 5:17-CV-00057-RJC-DCK, 2018 WL 1566333, at *3 (W.D.N.C. Mar. 30, 2018).

The plaintiffs filed two affidavits that include specific facts regarding the defendants' alleged timekeeping errors, explaining that, based on their personal knowledge, most, if not all, other employees are subject to the same pre-shift work requirements and that even if the policy is neutral, timekeeping rounding errors systemically disadvantage all potential opt-ins. Further, they allege that such policies are not merely the conduct of lone supervisors, but rather, are standard practice across each of the defendants' three Virginia Facilities.

While the court acknowledges that the plaintiffs' affidavits are representative of only one of the three facilities, they are not required, at this stage, to present evidence from every location. *Spencer*, 2019 WL 4739691, at *3. The plaintiffs' awareness of other opt-ins "does not weaken their justification for conditional certification," as counsel may have refrained from contacting current or former employees at the Bristol and Rich Creek facilities to gather additional affidavits in order to "adhere to rules of professional conduct regarding solicitations of potential clients." *Veney v. John W. Clarke, Inc.*, No. JKB-13-2410, 2014 WL 4388541, at *2 (D. Md. Sept. 4, 2014). In the end, discovery will reveal whether defendants' timekeeping practice is a widespread policy or practice and reviewing the sufficiency of such evidence goes to the cases' merits, which is improper at this conditional certification stage. *See LaFleur*, 2012 WL 4739534, at *10.

In sum, I have determined that plaintiffs' allegations show a common theory of the defendants' unlawful conduct, and I will therefore conditionally certify the proposed collective action.

IV.

I now turn to the plaintiffs' request for court-facilitated notice. Courts may facilitate notice to putative plaintiffs in order to enforce the FLSA's collection action provision. *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). The court has broad discretion regarding the details of the notice sent to prospective opt-ins, so long as it is accurate, timely, and helps potential opt-in plaintiffs make informed decisions as whether to participate. *Id.* at 170–71.

In this case, the plaintiffs request that this court (1) require the defendants to produce, within 15 days of this court's order, the name, job title, last known mailing address, home and cell phone numbers, business and home email addresses, dates of employment, location of employment, last four digits of their social security number, and date of birth, of all putative class members during the past three years; and (2) require that the defendants post notice to putative class members in conspicuous locations at every place of employment where the putative class members worked and enclose such notice in members' paystubs. The plaintiffs seek to send the notice and opt-in consent forms via U.S. mail, e-mail, and text messages with a 90-day opt-

in period, and reminder notices to be sent 45-days after the initial notices were sent to nonresponding class members.

The defendants object to the plaintiffs' proposed notice on several grounds, including that the notice form's caption could be perceived as judicial endorsement; notice should be limited to U.S. mail; the opt-in period should be 30 days; a reminder notice is unnecessary; and the notice period should be limited to a two-year window.

First, I find that the notice form caption is not biased or likely to be perceived as judicial endorsement. Merely stating that this court has authorized conditional certification of the putative collective action does not constitute endorsement of the litigation. *See Byard v. Verizon W. Va., Inc.*, 287 F.R.D. 365, 376 (N.D.W. Va. 2012). Moreover, as plaintiffs rightfully point out, the notice form states clearly that "THE COURT TAKES NO POSITION ON THE MERITS OF THE LITIGATION." Mem. Supp. Mot. Certify Ex. 3, Notice 4, ECF No. 28-3.

Second, the appropriate notice period for this action is three years. The FLSA statute of limitations is two years, unless the violation is willful, in which case the limitations period is extended to three years. 29 U.S.C. § 255(a). Contrary to the defendants' assertion, the plaintiffs have alleged willful violations. While I do not consider the claims' merits at this early stage, I find that the plaintiffs' allegations are sufficient to support authorizing notice for the three-year time period. *See*

*Bobbitt v. Broadband Interactive, Inc.*, No. 8:11-CV-2855-T-24 MAP., 2012 WL 1898636, at *7 (M.D. Fla. May 23, 2012).

I do, however, order the following changes to the method and schedule requested by the plaintiffs regarding notice: (1) notice shall be made through U.S. mail only; (2) putative class members shall have 60 days to return their signed consent forms; and (3) reminder notices shall not be issued.

The court finds that the best and most appropriate form of notice is through the U.S. mail. I agree with defendants that sending notice via email, text message, or phone call and posting notices at the defendants' workplace or in putative plaintiffs' pay stubs would be too invasive and duplicative, and the plaintiffs have not demonstrated at this time that the mailing of notices would be ineffective. *See Martinez v. Cargill Meat Sols.*, 265 F.R.D. 490, 500–01 (D. Neb. 2009). For that same reason, there is no need for the defendants to produce the last four digits of the opt-in plaintiffs' social security numbers. The defendants must therefore produce a list with the name, job title, last known mailing address, dates of employment, and location of employment for putative opt-in plaintiffs within 15 days of this Order.

The court also finds that a 60-day opt-in period is appropriate in this case. While courts do approve notice periods of 90 days in FLSA collective actions, they generally do so when it is agreed upon by the parties or special circumstances warrant an extended opt-in period; otherwise, 60 days is presumed sufficient. *See,*

*e.g., Whitehorn v. Wolfgang's Steakhouse, Inc.,* 767 F. Supp. 2d 445, 451–52 (S.D.N.Y. 2011). The plaintiffs have not demonstrated that a longer period is necessary. Finally, a reminder notice is unnecessary, at least until the plaintiffs show that the original notice was ineffective. *See Charbonneau v. Morg. Lenders of Am.,* No. 18-2062-CM-KGS,, 2018 WL 6423584, at *4.

IV.

For the reasons stated, it is hereby **ORDERED** as follows:

1. The Motion for Conditional Certification and Court-Authorized Notice, ECF No. 27, is GRANTED, pursuant to 29 U.S.C § 216(b) of the FLSA, as modified by this Opinion and Order;

2. The conditionally certified collective action is defined as follows:

   All individuals who are, were, or will be employed by Defendants in Virginia as non-exempt employees who were not compensated for all their hours worked, including, but not limited to, above (40) per week, at anytime during the three years prior to the commencement of this action, to the date of final disposition of this action.

3. The defendants shall provide to plaintiffs' counsel a list, in alphabetical order by last name, with job title, last known mailing address, dates of employment, and location of employment of all potential members of this certified collective action;

4. The list shall be provided electronically in a manner requested by plaintiffs' counsel within 15 days of this Order;

5. A copy of the notice, Exhibit C, ECF No. 28-3, and the opt-in form, Exhibit E, ECF No. 28-5, shall be provided via first-class mail to all members of the conditionally certified collective; and

6. A properly signed copy of the opt-in form must be returned or postmarked no later than 60 days from the mailing of the notice.

ENTER: October 14, 2021

/s/  JAMES P. JONES
Senior United States District Judge