IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| CHARLIE STACY and CLIFFORD ALLEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JENNMAR CORPORATION OF VIRGINIA, INC., JENNMAR CORPORATION OF EAST VIRGINIA, INC., JENNMAR CONSTRUCTION TOOLS, LLC, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 1:21-cv-00015-JPJ-PMS |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE AND PERMIT SUPPLEMENTAL NOTICE TO CLASS MEMBERS

Defendants Jennmar Corporation of Virginia, Inc. ("Jennmar Virginia"), Jennmar Corporation of East Virginia, Inc. ("Jennmar East Virginia"), Jennmar Construction Tools, LLC, ("Jennmar Construction Tools") and Does 1 through 20 (collectively, "Defendants"), by and through their undersigned counsel, file this Response in Opposition to Plaintiffs Charlie Stacy ("Stacy") and Clifford Allen's ("Allen") (together, "Plaintiffs") Motion to Approve and Permit Supplemental Notice to Class Members ("Motion"). For the reasons stated below, Defendants respectfully submit that Plaintiffs' Motion should be denied.

### INTRODUCTION

In this action alleging violations of the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the Virginia Minimum Wage Act, Va. Code §§ 40.1-28, *et seq*. ("VMWA"), the Virginia Wage Payment Act, Va. Code § 40.1-29 *et seq.* ("VWPA"), and Virginia

common law, this Court authorized notice to potential class members by U.S. Mail with a 60 day opt-in period. (ECF No. 32). Now, unhappy with the response from potential class members, Plaintiffs ask this Court to revisit its ruling by requesting that a second round of notices be distributed to putative class members by personal e-mail, text message, and through notice posted in each of Defendants' facilities. Plaintiffs' request for duplicative notice is based on nothing more than unjustified speculation and is contrary to the purpose of notice. *Calderon v. Geico Gen. Ins. Co.*, No. RWT 10CV1958, 2011 WL 98197, at *8 (D. Md. Jan. 12, 2011) (*quoting Montoya v. S.C.C.P. Painting Contractors, Inc.,* No. CCB-07-455, 2008 WL 554114, at *4 (D. Md. Feb. 26, 2008) (denying plaintiffs' request to send reminder notices due to the potential to unnecessarily "stir up litigation.")).

Plaintiffs' do not even allege that a single notice issued to Defendants' current or former employees has been returned as undeliverable. Nor have Plaintiffs offered any facts suggesting that potential class members have not been informed of their right to participate in the instant suit. Instead, Plaintiffs make the scurrilous accusation that Defendants are intimidating current employees to prevent them from receiving notice and discouraging them from opting in to this action. (ECF No. 44, p. 5). Such a serious accusation warrants serious evidence. Plaintiffs offer none. As explained below, Plaintiffs' request for the issuance of supplemental notice should be denied.

## **PROCEDURAL BACKGROUND**

On July 28, 2021, Plaintiffs' filed their Motion to Conditionally Certify the Class in which they requested a 90-day opt-in period and notice to be sent to potential class members by U.S. Mail, personal email, and cell phone, as well as to be posted in each of Defendants' facilities. (ECF No. 28). Rejecting Plaintiffs' requests, on October 14, 2021, this Court ordered notice to be

provided only by U.S. Mail and established a 60-day period in which potential class members could opt-in. (ECF No. 31). Specifically, this Court found that Plaintiffs' proposed means of notice "would be too invasive and duplicative, and the plaintiffs have not demonstrated at this time that the mailing of notices would be ineffective." (*Id.*, p. 11). Because Plaintiffs now offer nothing to support their claim that the mailed notices are ineffective, their renewed request for invasive and duplicative notice should be denied.

## ARGUMENT

### A. The purpose of notice to inform, not encourage, participation.

Courts "have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs" of the pendency of the collective action. *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); *see also Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 147 (4th Cir. 1992). The notice must be "accurate and timely," so that potential plaintiffs "can make informed decisions about whether to participate." *Id.*, 493 U.S. at 170. "The purpose of notice is simply to inform potential class members of their rights. Once they receive that information, it is their responsibility to act as they see fit." Witteman v. Wisconsin Bell, Inc., No. 09-CV-440-VIS, 2010 WL 446033, at *3 (W.D. Wis. Feb. 2, 2010); *see also Charbonneau v. Mortg. Lenders of Am. L.L.C.,* No. 18-2062-CM-KGS, 2018 WL 6423584, at *4 (D. Kan. Dec. 6, 2018) ("The purpose of notice is to make putative class members aware of the lawsuit and their right to participate—not to encourage them to participate."). Courts, therefore, "must take pains" to "avoid the 'stirring up' of litigation through unwarranted solicitation," and to recognize that "an employer should not be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense." *Montoya*, No. CIV. CCB-07-455, 2008 WL 554114, at *4 (D. Md. Feb. 26, 2008) (quoting *D'Anna v. M/A–COM, Inc.*, 903 F.Supp. 889, 894

(D. Md. 1995).

### B. Plaintiffs Have Failed to Identify Any Evidence Showing That Potential Class Members Failed to Receive Notice.

Here, Plaintiffs' Motion fails to identify any facts or cite to any authority demonstrating that this Court should reverse its October 14, 2021 order and authorize supplemental notice to putative class members by personal e-mail, text message, and through posted notice in each of Defendants' facilities, or to extend the notice period. Plaintiffs state that, at the time of filing their Motion, they received opt-in notices of eight total class members out of a possible 372, and observe that none of those eight are current employees. (ECF No. 44, pp. 3-4). This is the sum total of Plaintiffs' basis for their contention that notice has been ineffective, warranting extending the opt-in period and ordering intrusive new notice methods. (*Id.*) Void of supporting evidence, Plaintiffs' requests contradict the purpose of notice and seek nothing more than to provoke participation from potential class members who have voluntarily chosen to abstain. Courts reject such tactics.

In *Mueller v. Chesapeake Bay Seafood House Assocs.*, the U.S. District Court for the District of Maryland denied in part plaintiffs' request for supplemental notice to potential class members by email and supplemental mailing. *Mueller*, *LLC*, No. CV ELH-17-1638, 2018 WL 1898557, at *4 (D. Md. Apr. 20, 2018). Specifically, plaintiffs requested the court issue supplemental notice in a FLSA class action after 18 of 573 potential class members joined the litigation, which, according to plaintiffs, was "abnormally low," suggesting that potential plaintiffs "failed to receive notice." *Id.* at *8. The *Mueller* Court, in declining plaintiffs' request for supplemental notice in part, permitted a second round of notices only to those putative class members whose prior notices were returned as undeliverable. *Id.* The *Mueller* Court observed that plaintiffs' "mere speculation as to the reason why these potential class members did not opt-in to the suit" was insufficient to justify a second notice issued to each potential class member.

The Plaintiffs here do not even offer even the scant evidence offered by the plaintiffs in *Mueller*. Plaintiffs' Motion does not allege that *any* notices were returned undeliverable or that *any* of the addresses provided for Defendants' current and former employees were incorrect. Indeed, Plaintiffs' Motion wholly fails to offer any evidence that potential class members did not receive notice. Plaintiffs cannot identify any individuals that wish to participate in the class. And, Plaintiffs have completely failed to offer any evidence supporting their accusation that the Defendants are intimidating or otherwise preventing current employees from joining this suit. Despite the seriousness of their accusation, Plaintiffs provide no testimonial or documentary evidence in support. Instead, as in *Mueller*, Plaintiffs rely on nothing more than "mere speculation," which is insufficient to justify supplemental and intrusive notice to potential class members. To hold otherwise would impermissibly encourage participation in this litigation absent any facts showing that potential class members have not been notified of their right to join this suit and have freely exercised their right to not join.

## CONCLUSION

The mere fact that Plaintiffs are disappointed with the response does not establish that notice has been ineffective or that Plaintiffs should be given another bite at the apple. Plaintiffs have offered no evidence or legal authority demonstrating that potential class members have not received notice or were discouraged by Defendants from opting into this suit. Plaintiffs' mere speculation is insufficient to warrant that notice should be redundantly distributed by invasive means. For the foregoing reasons, Plaintiffs' Motion to Approve and Permit Supplemental Notice to Class Members should be denied in its entirety.

Respectfully submitted this 4th day of February, 2022.

/s/ *K. Maxwell Bernas*

K. Maxwell Bernas
VA Bar No. 90553
Kmbernas@fordharrison.com
FordHarrison LLP
1300 19th Street, NW, Suite 420
Washington, DC 20036
Telephone: 202-719-2047
Facsimile: 202-719-2077

Benjamin P. Fryer (*pro hac vice*)
NC Bar No. 39254
bfryer@fordharrison.com
FordHarison LLP
6000 Fairview Road, Suite 1415
Charlotte, NC 28210
Telephone: 980-282-1900
Facsimile: 980-556-7183

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 4th day of February, 2022, I caused a true and accurate copy of the foregoing Defendants' Opposition to Plaintiffs' Motion to Approve and Permit Supplemental Notice to Class Members to be served via electronic mail to the following counsel:

Gregg Greenberg
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave, Suite 400
Silver Spring, MD 20910
ggreenberg@zagfirm.com

Robert Tucci
Francisco Mundaca
The Spiggle Law Firm, PLLC
430A 31st Street, S., Suite A
Arlington, VA 22206
rtucci@spigglelaw.com
fmundaca@spigglelaw.com

*Attorneys for Plaintiffs*

/s/ *K. Maxwell Bernas*
K Maxwell Bernas
VA Bar No. 90553
kmbernas@fordharrison.com
FORDHARRISON LLP
1300 19th Street, NW, Suite 420
Washington, DC 20036
Telephone: 202-719-2047
Facsimile: 202-719-2077

*Attorney for Defendants*