# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| CHARLIE STACY and CLIFFORD ALLEN, individually and on behalf of others similarly situated,   )<br>)<br>)<br>) | |
| Plaintiffs,   ) | Case No. 1:21CV00015 |
| )<br>v.   )<br>)<br>JENNMAR CORPORATION OF   )<br>VIRGINIA, INC., ET AL.,   )<br>)<br>Defendants.   ) | **OPINION AND ORDER RE FLSA NOTICE**<br><br>JUDGE JAMES P. JONES |

*Gregg C. Greenberg,* ZIPIN, AMSTER & GREENBERG, LLC, *Silver Spring, Maryland, and Francisco Mundaca and Robert W. T. Tucci,* THE SPIGGLE LAW FIRM, PLLC, *Alexandria, Virginia, for Plaintiffs; K. Maxwell Bernas,* FORDHARRISON LLP, *Washington, D.C., and Benjamin P. Fryer,* FORDHARRISON LLP, *Charlotte, North Carolina, for Defendants.*

Plaintiffs Charlie Stacy and Clifford Allen filed this class and collective action, alleging that the defendants violated the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, et seq., and state law by not paying overtime or minimum wage to its workers and failing to provide accurate itemized wage statements. Before the court is the plaintiffs' motion to permit supplemental notice to the putative FLSA collective action members. The parties have fully briefed the issue and it is ripe for determination. I find that the plaintiffs have sufficiently demonstrated that the original notice was ineffective and therefore a reminder notice is appropriate.

Accordingly, I will grant the plaintiffs' Motion to Approve and Permit Supplemental Notice and instruct that a reminder notice be sent to the putative opt-in members.

I.

I previously recounted the facts of this case in a decision granting plaintiffs' motion to conditionally certify a collective action pursuant to Section 216(b) of the FLSA. *Stacy v. Jennmar Corp. of Va., Inc.*, 1:21CV00015, 2021 WL 4787278 (W.D. Va. Oct. 14, 2021). In granting plaintiffs' motion, I also authorized notice be issued to all putative class members by U.S. mail with a 60-day opt-in period. I specifically rejected plaintiffs' request to send notices via email and text messages with reminder notices to non-responding class members. I also denied the plaintiffs' request that notices be posted at defendants' facilities. However, I did not foreclose the potential need for reminder notices, or supplemental notices using a different method, if the plaintiffs show that "the original notice was ineffective." *Id.* at *5.

The plaintiffs now move this court to authorize a second round of notices to all potential class members who have not yet joined the litigation, contending that the notice solely by U.S. Mail has been ineffective. The plaintiffs currently have an opt-in rate of approximately two percent, which is a fraction of the typical 15 to 30 percent opt-in rate for FLSA collective actions. Mot. Approve Suppl. Notice 4 n.1, ECF No. 44. Moreover, the individuals who opted-in to the litigation thus far do not include any current employees. The plaintiffs infer that many potential class

members failed to receive sufficient notice of the action. They further accuse the defendants of improperly discouraging current employees from participating in the litigation. The plaintiffs now seek notice be provided via email and text message, as well as posted at each of the defendants' facilities.

In response, the defendants contend that the plaintiffs' request is based on "unjustified speculation" that notice was ineffective. Resp. Opp'n 2, ECF No. 46. Specifically, they argue that plaintiffs have offered no proof that a single notice was returned as undeliverable, nor have they suggested any facts to support their accusation that current employees were intimidated or encouraged not to opt-in to the litigation. They contend that the mere fact that plaintiffs have received lower than expected response is not a reason to reauthorize additional notice in a more intrusive manner.

II.

The issue before the court is whether the plaintiffs may send a second round of notices, and if so, in what form should that notice be sent. As discussed earlier, the court has broad authority to facilitate notice to putative plaintiffs in order to enforce the FLSA's collective action provision. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). However, "[t]he purpose of notice is to make putative class members aware of the lawsuit and their right to participate — not to encourage them to participate." *Charbonneau v. Mortg. Lenders of Am. L.L.C.*, No.

18-2062-CM-KGS, 2018 WL 6423584, at *4 (D. Kan. Dec. 6, 2018).  On the other hand, courts regularly permit reminder notices.  *See, e.g.*, *Dickensheets v. Arc Marine, LLC*, 440 F. Supp. 3d 670, 673 (S.D. Tex. 2020) (explaining that "[a] reminder notice provides a second chance to potential plaintiffs who, for whatever reason, do not receive, open, or view the initial letter").

Here, I agree with the plaintiffs that the below average opt-in rate warrants a reminder.  However, I am not persuaded that the plaintiffs' other proposed methods of notice are necessary.  They have not alleged, or put forth any evidence, suggesting that notices were returned undeliverable. I have no reason to suspect that the addresses provided by the defendants were therefore inaccurate or outdated.  I further find that the plaintiffs' bare allegations of improper encouragement or intimidation by defendants towards current employees, absent any evidence to support such a serious claim of misconduct, do not provide support for posting notices at defendants' facilities.  Accordingly, I will permit the plaintiffs to send reminder notices by U.S. Postal Service to putative opt-in members who have not yet joined the litigation.

III.

For the reasons stated, it is hereby **ORDERED** as follows:

1. The Motion to Approve and Permit Supplemental Notice to Class Members, ECF No. 44, is GRANTED, pursuant to 29 U.S.C § 216(b), as modified by this Opinion and Order;

2. A copy of the notice, Exhibit C, ECF No. 28-3, and the opt-in form, Exhibit E, ECF No. 28-5, shall be provided via the U.S. Postal Service to all members of the conditionally certified class who have not already joined the litigation; and

3. A properly signed copy of the opt-in form must be returned or postmarked no later than 30 days from the mailing of the notice.

        ENTER:  May 6, 2022

        /s/  JAMES P. JONES
        Senior United States District Judge